[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed October 10, 1996
This is an action in negligence by a minor child against two corporate defendants seeking damages for personal injuries claimed to have been sustained by the minor.
The complaint alleges that the child is a minor, five years of age as of March 18, 1996. The incident allegedly occurred on August 2, 1994. The plaintiff's brief claims that the plaintiff was four years old at the time of the alleged occurrence.
The special defense of this defendant, dated May 16, 1996 alleges four acts of negligence on the part of the minor. The plaintiff moves to strike on the basis that "a four-year-old child cannot be capable of negligence under any circumstances."
The plaintiff cites no cases to support that proposition, CT Page 6344 other than to refer to a superior court decision that a two-year-old child cannot be guilty of negligence. Vendine v. Martey,
Waterbury J.D. docket no. CV95-0124656. That case however rests upon the court taking judicial notice as concerns behavior and mental capacity of a two-year-old.
The clear and established rule of law in this state is as follows:
 It definitely has been established by frequent repetition of the statement that the degree of care required of children is "such care as may reasonably be expected of children of similar age, judgment and experience." Neal v. Shiels, Inc., 166 Conn. 3, 11 (1974).
Hence the standard of care of this child, and its adherence to such standard is a question of fact. This court does not and cannot determine that a four-year-old child cannot be guilty of negligence under any circumstances. The motion to strike the special defense is denied.
SULLIVAN, L., J.